UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
ALPHA OUMAR DIALLO,                                       :
                                                          :
                            Plaintiff,                    :
                                                          :          26-CV-02843 (JAV)
            -v-                                            :
                                                          :          MEMORANDUM
KREITKAMP TRUCKING, INC., et al.,                         :          OPINION AND ORDER
                                                          :
                            Defendant.                    :
                                                          :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is Plaintiff Alpha Oumar Diallo's letter motion to remand this action back to state court.  ECF No. 5 ("Ltr. Mot.").  The letter motion contends that the removal of this action was untimely under 28 U.S.C. § 1446.  For the following reasons, Plaintiff's motion **DENIED**.

## BACKGROUND

This is a civil action arising out of a motor vehicle accident allegedly caused by Defendants' negligence, filed by Plaintiff in state court on January 22, 2026.  Not. of Removal, Ex. 1 ("Complaint" or "Compl."), ¶¶ 5-36.  Defendants Kreitkamp Trucking, Inc. and Theresa Lynn Grube are domiciled in Wisconsin, and Plaintiff is domiciled in New York.  Compl., ¶¶ 1-3.  The Complaint demands judgment "in a sum exceeding the jurisdictional limits of all courts lower than the Supreme Court, together with attorneys' fees and costs and disbursements of this action on the First

and Second Causes of Action," and the amount of $10,000 on the Third Cause of Action.  Compl. at 9.  It does not otherwise specify the amount of damages sought.

On March 16, 2026, counsel for Defendants spoke over the phone with Plaintiff's counsel, who made a formal demand of $100,000.  Not. of Removal, ¶ 9; Ltr. Mot. at 2.  Plaintiff's counsel concedes this conversation occurred, though also contends he added that "this case could settle for less than $75,000."  Ltr. Mot. at 2.  On March 18, 2026, defense counsel provided to Plaintiff's counsel a drafted stipulation by which Plaintiff could agree to cap damages at $75,000 to avoid removal, which Plaintiff's counsel rejected.  ECF No. 6 ("Opp'n"), Ex. A.

On April 7, 2026, Defendants filed a Notice of Removal from the Supreme Court, County of Bronx ("Bronx County Supreme Court") to this Court, alleging removal to be proper under 28 U.S.C. § 1441(b).  ECF No. 1 ("Notice of Removal" or "Not. of Removal").  In particular, removal was based upon the Court's diversity jurisdiction.  *Id.*, ¶ 11 ("[t]here is complete diversity between plaintiff and defendants and the amount in controversy exceeds $75,000.").  On April 8, 2026, Plaintiff filed the instant motion on the grounds that Defendants' Notice was untimely, as it was filed nearly two months after the Complaint was served on February 9, 2026.  *See* Ltr. Mtn at 1, Ex. 1.

## LEGAL STANDARDS

On a motion to remand for lack of subject matter jurisdiction, "courts assume the truth of non-jurisdictional facts alleged in the complaint, but may consider materials outside of the complaint, such as documents attached to a notice of

2

removal or a motion to remand that convey information essential to the court's

jurisdictional analysis." *Guzman v. First Chinese Presbyterian Cmty. Affs. Home*

*Attendant Corp.*, 520 F. Supp. 3d 353, 356 (S.D.N.Y. 2021) (citation omitted).  On a

motion to remand, the removing party bears the burden of demonstrating the

proprietary of removal.  *See Fouad v. Milton Hershey Sch. & Sch. Trust*, 523 F.

Supp. 3d 648, 652 (S.D.N.Y. 2021).

## DISCUSSION

"An action filed in state court may be properly removed by a defendant to

federal court in 'any civil action . . . of which the district courts of the United States

have original jurisdiction.'" *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna*

*Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) (quoting 28 U.S.C. § 1441(a)).  "Section 1441

permits removal on the basis of either federal question jurisdiction or diversity of

citizenship." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019)

(citation omitted).  The district courts have original jurisdiction over civil actions

where there is complete diversity of citizenship, so long as the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C §

1332.

Section 1446 dictates procedure for the removal of civil actions.  28 U.S.C.

§ 1446.  "[G]enerally[,] [t]he notice of removal of a civil action or proceeding shall be

filed within 30 days after the receipt by the defendant, through service or otherwise,

of a copy of the initial pleading setting forth the claim for relief upon which such

action or proceeding is based." 28 U.S.C. § 1446(b)(1).  "[I]f the case stated by the

initial pleading is not removable," however, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Plaintiff claims that Defendants' attempted removal of this action was untimely and therefore improper under 28 U.S.C. § 1446 because the notice of removal was not filed within 30 days after service of the Complaint.  Ltr. Mot. at 1 (citing 28 U.S.C. § 1446(b)(1)).  Defendants assert that, because the Complaint does not set forth the amount in controversy, service of the Complaint did not sufficiently put them on notice that this action was removable to federal court.  Opp'n at 1.

The Second Circuit has explicitly held that, where removal is based upon diversity jurisdiction, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (citations omitted).  The Second Circuit explained that "a bright line rule is preferable to . . . [r]equiring a defendant to read the complaint and guess the amount of damages that the plaintiff seeks," and will avoid disputes as to whether the defendant should have known from the types of injuries alleged in the complaint that the jurisdictional threshold was met.  *Id.*

The Complaint here demands judgment "in a sum exceeding the jurisdictional limits of all courts lower than the Supreme Court, together with

4

attorneys' fees and costs and disbursements of this action on the First and Second Causes of Action," and the amount of $10,000 on the Third Cause of Action.  Compl. at 9.  Such a demand did not put Defendants on notice of the amount in controversy. To find removability from this language, Defendants would have to "guess the amount of damages that the plaintiff seeks," which the Second Circuit has foreclosed.  *Moltner*, 624 F.3d at 38.

Plaintiff only made a formal demand above the requisite jurisdictional threshold on March 16, 2026.  Defendants' April 7 Notice of Removal was filed within thirty days of that notification.  This action was therefore timely removed under Section 1446(b)(3).  *Id.*

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand is DENIED.   The Clerk of Court is directed to terminate ECF No. 5.

SO ORDERED.

Dated:  May 4, 2026
        New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

5